947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Louise STEELE, Widow of Thomas Steele, Claimant.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Respondent.
 No. 90-2681.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1990.
Decided Oct. 29, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-3271)
 Argued: Michael Scott Hertzig, Office of the Solicitor, United States Department of Labor, Washington, D.C., for Petitioner.
 Lawrence Philip Postol, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for respondent.
 On Brief: Robert P. Davis, Solicitor of Labor, Carol A. De Deo, Associate Solicitor, J. Michael O'Neill, Counsel for Longshore, Janet R. Dunlop, Counsel for Longshore, Office of the Solicitor, United States Department of Labor, Washington, D.C., for petitioner.
 Jonathan H. Walker, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for respondent.
 
 
 1
 Ben.Rev.Bd.
 
 
 2
 AFFIRMED.
 
 
 3
 Before WIDENER and WILKINS, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, Sitting by Designation.
 
 OPINION
 PER CURIAM:
 
 4
 The Director of the Office of Workers' Compensation Programs petitions for review of an order of the Benefits Review Board. The Board affirmed the decision of the Administrative Law Judge (ALJ) that awarded Newport News Shipbuilding and Dry Dock Company a limitation of its liability under the second injury fund pursuant to § 8(f) of the Longshoremen's and Harborworkers' Compensation Act, 33 U.S.C. § 908(f). We affirm.
 
 
 5
 Thomas Steele worked for Newport News as a welder and painter from 1942 until he took normal retirement on October 27, 1976. Throughout his employment he was exposed to asbestos dust and fibers, and on March 21, 1986, some ten years after his retirement, he was diagnosed as having asbestosis and lung cancer. As a result, he filed a claim for permanent partial disability beginning March 21, 1986 and continuing. Steele died on November 11, 1987, the asbestosis and lung cancer having permanently impaired his pulmonary functions and contributed to his death. At a hearing before the ALJ on December 7, 1987, Mrs. Steele and Newport News stipulated that Steele suffered a 40% permanent partial disability due to asbestosis and lung cancer related to his shipyard employment.
 
 
 6
 Newport News then requested a limitation of its liability under section 8(f). The ALJ initially denied Newport New's request for section 8(f) relief for both the employment compensation and death claims. Relief was denied for the employment compensation claim because Newport New's period of liability was less than the statutory 104 week minimum. The ALJ also denied relief for the death claim because of a lack of evidence that Steele's death was work-related. Following Newport News' motion for reconsideration, at which time additional evidence was offered as to the cause of death, the ALJ granted Newport News' request for a limitation of its liability under section 8(f) for the death claim. The Board affirmed. It is from this award that the Director has filed his Petition for Review.
 
 
 7
 Section 8(f) provides that when an employee becomes permanently disabled or dies following a work-related injury, and a pre-existing permanent partial disability contributed to this condition or death, the employer is required to pay compensation to the employee for only 104 weeks, with the remainder of the employee's compensation to be paid by the special fund established under 33 U.S.C. § 944. See Director, Office of Workers' Comp. v. Newport News, 676 F.2d 110, 112 (4th Cir.1982). These provisions are commonly referred to as the second injury fund. By limiting an employer's liability, the second injury fund removes a substantial disincentive from hiring workers with an increased risk of later total disability; and, also serves to protect employers from the increased compensation liability if such disability does result. Newport News, 676 F.2d at 112.
 
 
 8
 At the time, three requirements had to be met before an employer would be entitled to a limitation of its liability under the second injury fund. First, there must have been a pre-existing permanent partial disability. Second, the disability must have been manifest to the employer,* and third, the pre-existing disability must have combined with the subsequent disability and contribute to the resulting permanent total disability or death. Newport News, 676 F.2d at 114.
 
 
 9
 After conducting a formal hearing and receiving evidence the ALJ issued his findings of fact. The ALJ found that X-rays taken by Newport News on September 27, 1974 and October 27, 1976 revealed that Steele had "increased broncho-vascular markings with minimal pleural thickening." The ALJ credited the testimony of Dr. Harmon, who opined that "[i]ncreased broncho-vascular markings are suggestive of and compatible with a diagnosis of chronic bronchitis. Chronic bronchitis is a form of chronic obstructive pulmonary disease (COPD), a permanent and potentially disabling respiratory disease." Further, the ALJ found that a "Periodic Surveillance Examination, also performed on October 27, 1976, revealed an increased AP diameter of the chest and decreased bronchial sounds, which Dr. Harmon indicated is consistent with a diagnosis of pulmonary emphysema, a permanent condition which interferes with normal pulmonary function."
 
 
 10
 Applying these findings to the three requirements for section 8(f) relief, the ALJ stated that "the combination of the minimal pleural thickening, which appears in the X-rays over a 2-year period (19741976), with evidence of pulmonary emphysema in 1976, is sufficient to constitute an existing permanent partial disability at that time, such that a cautious employer might have been motivated to discharge Claimant because of a greatly increased risk of employment-related injury and compensation liability." Secondly, the ALJ found that the manifestation requirement was met because Newport News had actual knowledge of these medical conditions as reflected by Steele's medical records. Lastly, the ALJ credited Dr. Harmon's testimony that Steele's disability was contributed to and made materially worse by his pre-existing chronic obstructive pulmonary disease and pulmonary emphysema. The ALJ also found that Steele's death was due, at least in part, to the work related asbestosis and cancer. Thus, the ALJ held that Newport News met the requirements for section 8(f) relief for Steele's death benefits claim.
 
 
 11
 The Board affirmed the decision of the ALJ holding that it was supported by substantial evidence and was otherwise in accordance with the law. After our review of the record we come to the same conclusion.
 
 
 12
 Accordingly, the decision of the Benefits Review Board is
 
 
 13
 AFFIRMED.
 
 
 
 *
 The manifest requirement has since been discarded, which makes no difference in our decision. See Newport News Shipbuilding & Dry Dock Co. v. Harris, 934 F.2d 548, 553 (4th Cir.1991)